**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |
|---|
| GUIDEONE NATIONAL INSURANCE COMPANY, <br><br> *Plaintiff,* <br><br> v. <br><br> HISCOX INSURANCE COMPANY INC. and COLONY INSURANCE CO., <br><br> *Defendants.* |

Case No. 26-1412

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff GuideOne National Insurance Company ("GuideOne") brings this Complaint for Declaratory Judgment against Hiscox Insurance Company Inc. ("Hiscox") and Colony Insurance Co. ("Colony") and alleges as follows:

NATURE OF THE ACTION

1.      This is a civil action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.  GuideOne petitions this Court for declarations of rights and obligations of the parties with respect to the civil action entitled *Wilson Galarza v. The New York City Housing Authority, et al.*, Index No. 519906/2022 in the Supreme Court of the State of New York, Kings County (the "Underlying Action").  GuideOne is providing a defense to defendants in the Underlying Action under its insurance policy. However, Hiscox and Colony must defend and indemnify those defendants in the Underlying Action on a primary and noncontributory basis under their insurance policies.  Despite multiple tenders by GuideOne to Hiscox and Colony, they have

refused to defend or indemnify any defendants in the Underlying Action. Therefore, GuideOne seeks a declaration that Hiscox and Colony owe duties to defend and indemnify certain defendants in the Underlying Action on a primary and noncontributory basis and that GuideOne is entitled to judgment for reimbursement of all defense costs incurred.

## THE PARTIES

2.      Plaintiff GuideOne National Insurance Company is an Iowa corporation with a principal place of business in Iowa.

3.      Upon information and belief, Hiscox Insurance Company Inc. is an Illinois corporation with a principal place of business in Illinois.

4.      Upon information and belief, Colony Insurance Co. is an Virginia corporation with a principal place of business in Virginia.

## JURISDICTION AND VENUE

5.      This is an action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under Rule 57 of the Federal Rules of Civil Procedure.

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it concerns a controversy between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

7.      To date, GuideOne has incurred more than $75,000 in costs in defending certain defendants in the Underlying Action. As the Underlying Action is still

ongoing, defense costs continue to accrue. Additionally, based on the Underlying Plaintiff's alleged injuries, the potential indemnity also exceeds $75,000.00.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS AND BACKGROUND

### A. The Underlying Action

9. In *Wilson Galarza v. The New York City Housing Authority, et al.*, Index No. 519906/2022 in the Supreme Court of the State of New York, Kings County (the "Underlying Action"), Plaintiff Wilson Galarza ("Galarza") alleges that he suffered injuries when he fell from a ladder while working at a construction project site located at 130 Clymer St. a/k/a 83 Taylor Street in Brooklyn, New York on November 4, 2021.

10. A copy of Galarza's Complaint in the Underlying Action is attached as **Exhibit A**.

11. In the Complaint, Galarza alleges that he was employed by Bonafide Builders, Inc. ("Bonafide") at the time of he fell from a ladder. *See* Ex. A, Complaint ¶¶ 234-235.

12. Galarza alleges that, "while working [he] was caused to fall from an improper, unsafe and defective safety device from a height and was caused to sustain serious and permanent injuries." Ex. A, Complaint ¶ 236.

13. Galarza alleges injuries to his head, limbs, body, blood vessels and surrounding tissues. He asserts that he has suffered severe and extreme mental

shock, anguish and psychic injuries. He believes that his injuries are permanent. Ex. A, Complaint ¶ 240.

14. Galarza has testified during depositions in the Underlying Action that Bonafide was his employer.

15. Other information available in the Underlying Action leaves open the possibility that Galarza's employer was GSPE Interior Construction Corp. ("GSPE"). For example, an incident report regarding Galarza's fall lists his employer as GSPE.

16. The identity of Galarza's employer or employers is an open issue of fact in the Underlying Action.

17. The defendants in the Underlying Action that are insured by GuideOne are: The New York City Housing Authority, New York City Housing Authority Public Housing Preservation II, LLC, New York City Housing Authority II Housing Development Fund Corporation, Williamsburg Pact Housing Development Fund Corporation, Williamsburg Housing Preservation L.P., Brooklyn Housing Preservation Experience LLC, Omni New York LLC, and Renewal Construction Services, LLC (collectively, the "Underlying Defendants"). The City of New York is also a named defendant in the Underlying Action; however, it is not insured by GuideOne.

18. To date, GuideOne has paid all defense costs for the Underlying Defendants in the Underlying Action.

19. Within the Underlying Action, the Underlying Defendants brought a Third Party Complaint against Bonafide and GSPE.

20.     A copy of the Third Party Complaint in the Underlying Action is attached as **Exhibit B**.

21.     In the Third Party Complaint, the Underlying Defendants allege that the Bonafide and GSPE agreed to perform work "at the Independence Towers located at 130 Clymer Street aka 125 Taylor Street, Brooklyn, New York New York." Ex. B, Third Party Complaint ¶¶ 12, 33.

22.     The Third Party Complaint alleges that Bonafide or GSPE "employed or entered into an agreement with Plaintiff, for Plaintiff to perform work at the aforementioned site." Ex. B, Third Party Complaint ¶ 15.

23.     In the Third Party Complaint, the Underlying Defendants allege that, if Mr. Galarza was injured, it was due to the acts or omissions of GSPE and/or Bonafide Builders. Ex. B, Third Party Complaint ¶ 18, 39.

**B.    The Relevant Contracts**

24.     Renewal Chateau JV LLC ("Renewal Chateau") was the Contractor for the Independence Towers project in Brooklyn (the "Project"). The Project involved multiple buildings with different street addresses on Clymer Street, Taylor Street, and Wilson Street in Brooklyn.

25.     Renewal Chateau entered into a Trade Contractor Agreement with Bonafide for work at the Project.

26.     A copy of the Trade Contractor Agreement between Renewal Chateau and Bonafide is attached as **Exhibit C**.

5

27.    Under the Trade Contractor Agreement, Bonafide agreed to "indemnify, defend, and hold harmless" the Underlying Defendants for claims arising out of or connected with: "[t]he performance of the Work by [Bonafide] or its Subcontractors, or any act or omission of [Bonafide] or its Subcontractors; [or] [a]ny accident, occurrence bodily injury, sickness, disease or death of or to any person or any damage to or destruction of any property occurring in connection with, or arising out of, or resulting from acts or omissions of [Bonafide] or its Subcontractors[]." Ex. C, Trade Contractor Agreement, Article 8.1.

28.    All contracts between Bonafide and any subcontractors were required to include the indemnification provisions of the Trade Contractor Agreement. Ex. C, Trade Contractor Agreement, Article 8.9.

29.    Bonafide was required to obtain certain insurance to cover its participation in the Project. Ex. C, Trade Contractor Agreement, Article 7. Bonafide's Commercial General Liability policy was required to include its "indemnity obligations set forth in Article 8[.]" *Id.* at Article 7.2.1.

30.    Bonafide was required to have the Underlying Defendants named as additional insureds on its insurance policies on a primary and noncontributing basis with respect to any other insurance available to the Underlying Defendants. Ex. C, Trade Contractor Agreement, Article 7.3.

31.    Bonafide's subcontractors were required to obtain the same insurance as Bonafide. Ex. C, Trade Contractor Agreement, Article 13.3.

32.     Bonafide entered into a Subcontractor Agreement with GSPE for certain work on the Project.

33.     A copy of the Subcontractor Agreement with a Subcontract Agreement Rider between Bonafide and GSPE is attached as **Exhibit D**.

34.     GSPE agreed to defend, indemnify, and hold harmless the Underlying Defendants for all claims "arising out of or resulting from the Work covered by this Contract Agreement to extent such Work was performed by on contracted through [GSPE]."  Ex. D, Subcontract Agreement Rider, ¶ 1.

35.     GSPE agreed to obtain certain insurance to cover its work at the Project. Ex. D, Subcontractor Agreement, Article 2 and Subcontract Agreement Rider, ¶ 2.

36.     GSPE's insurance was required to protect the Underlying Defendants "for claims arising out of or resulting from [GSPE's] Work under this Contract Agreement."  Ex. D, Subcontract Agreement Rider, ¶ 2.

37.     GSPE's insurance was required to include additional insured coverage for the Underlying Defendants on a primary and noncontributory basis.  Ex. D, Subcontract Agreement Rider, ¶ 2.1.

## C.     The Relevant Insurance Policies

38.     GuideOne issued Commercial General Liability Policy No. 099000061 to Renewal Chateau for a Policy Period of February 12, 2020 to August 12, 2022 (the "GuideOne Policy").  A copy of the GuideOne Policy is attached as **Exhibit E**.

39.     The GuideOne Policy covers the Underlying Defendants in the Underlying Action.

40.    GuideOne has provided a defense to the Underlying Defendants since Galarza's claim was first asserted.

41.    Colony issued Commercial General Liability Policy No. 600 GL 0027388-02 to Bonafide for a Policy Period of February 1, 2021 to February 1, 2022 (the "Colony Policy").  A copy of the Colony Policy is attached as **Exhibit F**.

42.    Under the Colony Policy's Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization endorsement, scheduled persons and organizations are insureds under the Policy.  The Schedule identifies "All persons or organizations as required by written contract with the Named Insured" as the additional insureds.  Ex. F, Colony Policy, Additional Insured Endorsement at p. 1.

43.    Because the Trade Contractor Agreement is a written contract with Bonafide, and because it requires the Underlying Defendants to be named as additional insureds on Bonafide's insurance policies, the Underlying Defendants are additional insureds under the Colony Policy.

44.    The Colony Policy is primary insurance unless its excess insurance provision applies.  Ex. F, Colony Policy § IV.4.a.  The Colony Policy's excess insurance provision provides that it is excess over other primary insurance available to an insured as an additional insured.  *Id.* § IV.4.b.

45.    The Colony Policy is primary over the GuideOne Policy as to the Underlying Defendants.

46.     Hiscox issued Commercial General Liability Policy No. UDC-4594990-CGL-21 to GSPE for a Policy Period of September 8, 2021 to September 8, 2022 (the "Hiscox Policy").  A copy of the Hiscox Policy is attached as **Exhibit G**.

47.     Under the Hiscox Policy, Endorsement No. 6 ("Additional Insured – Automatic Status") provides coverage as an additional insured to "any person(s) or organization(s) for whom you are performing operations . . . . when you and such person(s) or organization(s) have agreed in writing in a contract or agreement that such person(s) or organization(s) be added as an additional insured on your policy." Ex. G, Hiscox Policy, Endorsement No. 6.

48.     Because GSPE agreed in writing in its Subcontractor Agreement and Subcontract Agreement Rider that the Underlying Defendants be added as an additional insureds under GSPE's insurance, the Underlying Defendants qualify as additional insureds under the Hiscox Policy.

49.     The Hiscox Policy is primary insurance unless its excess insurance provision applies. Ex. G, Hiscox Policy § IV.4.a.  The policy's excess insurance provision provides that it is excess over other primary insurance available to an insured as an additional insured.  *Id.* § IV.4.b.

50.     The Hiscox Policy is primary over the GuideOne Policy as to the Underlying Defendants.

9

**D.**     **Tenders to Hiscox**

51.     When it first received notice of Galarza's claim before the Underlying Action was filed, GuideOne tendered to GSPE and Hiscox by letters dated December 30, 2021.

52.     Hiscox responded to GuideOne's tender by letter dated March 1, 2022. Hiscox denied coverage, concluding that the claim was excluded from its policy. Hiscox included in its factual background, "We have an incident report that states Mr. Galarza was an employee of GSPE." The only exclusion referenced in the coverage analysis was the Employer's Liability exclusion. Thus, Hiscox's sole reason for denying coverage was Mr. Galarza's supposed status as an employee of GSPE.

53.     In response to Hiscox's denial, GuideOne tendered again by letter dated March 29, 2022. This tender letter further detailed the requirements for GSPE to have worked on the project and the relevant contracts.

54.     Hiscox did not respond to GuideOne's March 29, 2022 letter.

55.     On October 13, 2023, after Galarza filed the Underlying Action, GuideOne sent a Tender of Active Litigation letter to Hiscox. GuideOne again requested that Hiscox defend and indemnify its insureds, now as the Underlying Defendants in the Underlying Action.

56.     In a telephone call from its claims representative, Hiscox denied coverage, stating that this information in the Complaint did not change its earlier coverage evaluation.

57.    On September 22, 2025, GuideOne sent another tender letter to Hiscox, requesting that Hiscox agree to defend and indemnify the Underlying Defendants. In particular, the letter noted that Hiscox's position was based on the incorrect assumption that Galarza was a GSPE employee and, for purposes of the duty to defend, the allegation in the Complaint that Galarza was a Bonafide employee must be accepted as true.

58.    On November 21, 2025, Hiscox again declined to defend or indemnify the Underlying Defendants, but for reasons that conflicted with its initial coverage position. After previously denying coverage by claiming that Galarza was a GSPE employee, Hiscox now claims that Galarza was a Bonafide employee. Characterizing Galarza as a Bonafide employee, Hiscox effectively denied that GSPE was involved in the Project at the time of the injury, despite initially concluding that Galarza was employed by GSPE as stated in the incident report.

## E.    Tenders to Colony

59.    On March 29, 2022, before the Underlying Action was filed, GuideOne sent a Tender of Notice of Claim letter to Bonafide Builders. This letter referenced Bonafide's insurance and indemnification obligations and requested a defense and indemnity for Renewal Chateau and the New York City Housing Authority.

60.    On April 25, 2022, Colony provided its coverage position to Renewal Chateau and New York City Housing Authority. Colony's letter "advise[d] that there is no coverage for this claim to Colony's named insured [i.e., Bonafide] or to Renewal

11

Chateau JV, LLC and New York City Housing Authority or any other party claiming coverage under the Colony policy."

61.     Colony's April 25, 2022 letter conceded that "the tendering entities would potentially qualify as additional insureds under the Colony policy."

62.     However, Colony ultimately concluded that "there is no coverage under the Colony policy because the [Bonafide's] contractor's coverage is not 'Adequate Insurance' and the Conditions of Coverage under the policy have not been met."

63.     The sole basis for Colony's determination that Bonafide failed to comply with the conditions of coverage was that Hiscox denied coverage to Bonafide's subcontractor, GSPE.  Because Hiscox refused to cover GSPE as an additional insured under the Hiscox Policy (because it had concluded that Galarza was a GSPE employee at that time), Colony determined that Bonafide lacked Adequate Insurance under the Colony Policy's conditions.

64.     On November 7, 2022, Colony wrote to Bonafide, acknowledging the Third Party Complaint against Bonafide.  However, Colony concluded that "there is nothing contained therein that would change Colony's previous coverage position set out in our prior letters of April 25, 2022 to Bonafide and the putative additional insureds."

65.     On October 20, 2023, GuideOne sent a Tender of Active Litigation letter to Colony.  GuideOne again requested that Colony defend and indemnify its insureds, now as the Underlying Defendants in the Underlying Action.

66.     Colony never responded to this Tender of Active Litigation letter.

67.    On October 31, 2025, GuideOne sent another tender letter to Colony, requesting that Colony agree to defend and indemnify the Underlying Defendants.

68.    Colony never responded to GuideOne's October 31, 2025 letter.

## COUNT I
### Declaratory Judgment
### Duty to Defend – Hiscox

69.    GuideOne incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

70.    Actual controversies exist as to whether the allegations in the Underlying Action trigger a duty for Hiscox to defend the Underlying Defendants in the Underlying Action as additional insureds under the Hiscox Policy, and if so, whether such a duty applies on a primary and noncontributory basis relative to coverage for the Underlying Defendants under the GuideOne Policy.

71.    GuideOne seeks declarations that: (i) the allegations in the Underlying Action trigger a duty for Hiscox to defend the Underlying Defendants in the Underlying Action as additional insureds under the Hiscox Policy; (ii) such a duty applies on a primary and noncontributory basis relative to coverage for the Underlying Defendants under the GuideOne Policy; (iii) Hiscox may not seek contribution from GuideOne; and (iv) Hiscox must reimburse GuideOne for all costs paid in defending the Underlying Defendants against the Underlying Action.

72.    The requested judgment would serve a useful purpose in clarifying or settling the legal issues involved, finalize the controversy, and offer relief from uncertainty.

73.    In addition, GuideOne seeks an award at law and in equity against Hiscox for recovery of all sums GuideOne has paid and continues to pay in the defense of the Underlying Defendants in the Underlying Action.

**COUNT II**
**Declaratory Judgment**
**Duty to Defend – Colony**

74.    GuideOne incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

75.    Actual controversies exist as to whether the allegations in the Underlying Action trigger a duty for Colony to defend the Underlying Defendants in the Underlying Action as additional insureds under the Colony Policy, and if so, whether such a duty applies on a primary and noncontributory basis relative to coverage for the Underlying Defendants under the GuideOne Policy.

76.    GuideOne seeks declarations that: (i) the allegations in the Underlying Action trigger a duty for Colony to defend the Underlying Defendants in the Underlying Action as additional insureds under the Colony Policy; (ii) such a duty applies on a primary and noncontributory basis relative to coverage for the Underlying Defendants under the GuideOne Policy; (iii) Colony may not seek contribution from GuideOne; and (iv) Colony must reimburse GuideOne for all costs paid in defending the Underlying Defendants against the Underlying Action.

77.    The requested judgment would serve a useful purpose in clarifying or settling the legal issues involved, finalize the controversy, and offer relief from uncertainty.

78.    In addition, GuideOne seeks an award at law and in equity against Colony for recovery of all sums GuideOne has paid and continues to pay in the defense of the Underlying Defendants in the Underlying Action.

**COUNT III**
**Declaratory Judgment**
**Duty to Indemnify – Hiscox**

79.    GuideOne incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

80.    Actual controversies exist as to whether Hiscox must indemnify the Underlying Defendants in the Underlying Action as additional insureds under the Hiscox Policy, and if so, whether such coverage applies on a primary and noncontributory basis relative to coverage for the Underlying Defendants under the GuideOne Policy.

81.    GuideOne seeks declarations that: (i) Hiscox must indemnify the Underlying Defendants in the Underlying Action as additional insureds under the Hiscox Policy; (ii) such coverage applies on a primary and noncontributory basis relative to coverage for the Underlying Defendants under the GuideOne Policy; and (iii) Hiscox may not seek contribution from GuideOne.

82.    The requested judgment would serve a useful purpose in clarifying or settling the legal issues involved, finalize the controversy, and offer relief from uncertainty.

## COUNT IV
### Declaratory Judgment
### Duty to Indemnify – Colony

83.    GuideOne incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

84.    Actual controversies exist as to whether Colony must indemnify the Underlying Defendants in the Underlying Action as additional insureds under the Colony Policy, and if so, whether such coverage applies on a primary and noncontributory basis relative to coverage for the Underlying Defendants under the GuideOne Policy.

85.    GuideOne seeks declarations that: (i) Colony must indemnify the Underlying Defendants in the Underlying Action as additional insureds under the Colony Policy; (ii) such coverage applies on a primary and noncontributory basis relative to coverage for the Underlying Defendants under the GuideOne Policy; and (iii) Colony may not seek contribution from GuideOne.

86.    The requested judgment would serve a useful purpose in clarifying or settling the legal issues involved, finalize the controversy, and offer relief from uncertainty.

### PRAYER FOR RELIEF

WHEREFORE, GuideOne respectfully requests that this Court:

(a) Enter the declarations sought by Counts I, II, III, and IV;

(b) Award attorney fees of costs of suit incurred herein; and

(c) Order such further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), GuideOne National Insurance Company demands a trial by jury on all counts so triable.

Dated: March 11, 2026
      New York, New York

                                   BARTON GILMAN LLP
                                   *Attorneys for Plaintiff,*
                                   *GuideOne National Insurance Company*

By:  */s/ Bellonne Pierre-Canel*
        Bellonne Pierre-Canel (NY Bar No. 5377890)
        BARTON GILMAN LLP
        55 Broadway
        Bond Collective
        3rd Floor, Suite 412
        New York, NY 10006
        (212) 792-6246
        bpierrecanel@bglaw.com

        Derek M. Gillis
        (*pro hac vice* motion forthcoming)
        BARTON GILMAN LLP
        One Liberty Square, Suite 410
        Boston, MA 02109
        (617) 654-8200
        dgillis@bglaw.com